ORIGINAL

# United States District Court
NORTHERN DISTRICT OF GEORGIA

FILED IN CHAMBERS
U.S.D.C. Atlanta
AUG 14 2019
JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

UNITED STATES OF AMERICA

v.

CANDIDO ARNAU

**CRIMINAL COMPLAINT**

Case Number: 1:19-MJ-693

I, the undersigned complainant being duly sworn, state the following is true and correct to the best of my knowledge and belief. On or about June 7, 2019 in DeKalb County, in the Northern District of Georgia, defendant(s) did, knowingly and intentionally possess with intent to distribute a controlled substance, said act involving a mixture and substance containing at least 500 grams of a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A).

I further state that I am a Task Force Officer of the Drug Enforcement Administration and that this complaint is based on the following facts:

PLEASE SEE ATTACHED AFFIDAVIT

Continued on the attached sheet and made a part hereof.   Yes

_____
Signature of Complainant
Jordan Mileshko

Based upon this complaint, this Court finds that there is probable cause to believe that an offense has been committed and that the defendant has committed it. Sworn to before me, and subscribed in my presence

August 14, 2019               at   Atlanta, Georgia
Date                               City and State

JANET F. KING
UNITED STATES MAGISTRATE JUDGE
Name and Title of Judicial Officer            Signature of Judicial Officer
SAUSA Tyler A. Mann

## AFFIDAVIT IN SUPPORT OF COMPLAINT

I, Jordan Mileshko, a Task Force Officer of the Drug Enforcement Administration (DEA), being duly sworn, do hereby depose, and state as follows:

**A.  Introduction**

1. I am an "investigative or law enforcement officer" of the United States within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations and to make arrests for offenses enumerated in Title 18, United States Code, Section 2516.

2. By this affidavit, I submit that probable cause exists to believe that Candido ARNAU committed a narcotics offense by knowingly and intentionally possessing with intent to distribute a controlled substance, said act involving at least 500 grams of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A).

**B.     Training and Experience**

3.     I am currently assigned to the Atlanta Field Division, Task Force Group 4 with the High Intensity Drug Traffic Area (HIDTA) Drug Enforcement Administration (DEA) through Marietta Police Department since 2019. I am a sworn Law Enforcement Officer of the State of Georgia. I am therefore an officer of the State of Georgia who is empowered to conduct investigations of, and make arrests for, the offenses enumerated in the Official Code of Georgia Annotated, and I am deputized through DEA to exercise the powers of enforcement personnel set forth in Title 21 United States Code Section 878.

4.     I have been employed by the Marietta Police Department since January 2009, and from 2014-2019 I was assigned to the Marietta Police Crime Interdiction Unit (CIU). I have also been assigned to the Special Weapons and Tactics (SWAT) team since 2010 and have served more than 80 high-risk search warrants with the majority being no-knock warrants. I am a state-certified marijuana examiner, field training officer, and firearms and defensive tactics instructor and have obtained Senior Patrol Officer status. I have completed over 3000 hours of POST accredited training, including 20 hours of Advanced Search Warrants and Affidavits.

I have made over 500 arrests and sworn out over 180 arrest warrants and 40 search warrants. I also have a bachelor's degree in Criminal Justice from Kennesaw State University.

## C. Sources of Information

5. The facts set forth in this affidavit are based upon my personal observations, my training and experience, and information obtained from other law enforcement agents and witnesses. Unless otherwise noted, wherever in this affidavit I assert that a statement was made, the information was provided by another law enforcement officer (who may have had either direct or hearsay knowledge of the statement) to whom I have spoken or whose report I have reviewed. Such statements are stated in substance, unless otherwise indicated. Wherever in this affidavit I state a belief, such belief is based upon my training and experience and the information obtained through this investigation by myself and other agents.

6. Because this affidavit was prepared for the limited purpose of supporting a complaint against the individual listed herein, I have not included each and every fact known about this investigation. I have set forth only those facts that I believe are necessary to establish the required basis for a criminal complaint. I do not rely upon facts not set forth herein

in reaching my conclusion that a criminal complaint should be issued, nor do I request that this Court rely upon any facts not set forth herein in reviewing this Affidavit in support of the application for a criminal complaint.

### D. Factual Summary – Probable Cause Basis

7. In early June 2019, as part of an ongoing investigation, Task Force Officer (TFO) Robert Keim was assisting Atlanta-Carolina's HIDTA Group 4 in an undercover capacity. A confidential source working with DEA in Florida ("the CS") offered to provide Keim's phone number to the CS's methamphetamine supplier in Mexico and tell the supplier that Keim was interested in purchasing a kilogram of methamphetamine in Atlanta.[1] The CS provided his Mexican methamphetamine source of supply with a telephone number for TFO Keim. The CS and the supplier also discussed a price of $4,700, the approximate Atlanta street price for methamphetamine. These phone calls were recorded.

8. On June 7, 2019, at 10:29 a.m., Keim, received a telephone call from an unidentified male (UM1) from a Mexican phone number. UM1 asked if Keim was ready to meet, and Keim said that he was. UM1 said that the meeting would take place on Jimmy Carter Boulevard. TFO Keim

---

[1] The CS is facing a methamphetamine trafficking charge in Florida and is cooperating in the hope of consideration in sentencing. Agents have recently grown concerned that the CS has continued to engage in illicit activities while ostensibly cooperating with the government.

agreed. UM1 asked if TFO Keim had the money, and TFO Keim confirmed that he did. In subsequent phone calls, UM1 identified a McDonald's at Exit 94 on Interstate 85 as the meeting point, but Keim explained that he had seen police at that location and was uncomfortable. UM1 then changed the location to a nearby Waffle House and, after learning that Keim had arrived at that location, asked Keim if it was "clean," which Keim took as an inquiry into whether there were any police in the area. Finally, UM1 told Keim that his courier would arrive in a blue vehicle.

9. At approximately 1:14 p.m., TFO Caillouet observed a blue Ford Flex, bearing Texas tag LDF 0711 and registered to Felix Manuel TORRES at 7225 Gran Vida, El Paso, TX 79912, driving through the aforementioned McDonald's parking lot and continuing toward the Waffle House.

10. At approximately 1:33 p.m., the blue Ford Flex pulled up next to TFO Keim's vehicle and an unknown Hispanic male (UM2) removed a cardboard box from the passenger side of the vehicle and carried it to TFO Keim's vehicle. UM2 gave Keim the box and TFO Keim handed UM2 $4,500.00 of official HIDTA funds. ARNAU returned to the Ford Flex and members of HIDTA Group 4 conducted surveillance on the vehicle.

Surveillance was maintained on the blue Ford Flex as agents observed the vehicle make several stops at different stores. At approximately 2:35 p.m., agents watched UM2 arrive at 2441 Cheshire Bridge Road in Atlanta and pull to the rear of Gerber Collision and Glass. At approximately 4:38 p.m., agents saw the Ford Flex leave that location. Members of HIDTA Group 4 maintained surveillance on the blue Ford Flex until it arrived at a residence located at 12773 Cattail Court in Hampton, Georgia.

11. TFO Keim took the box he received from the UM2 to HIDTA headquarters where a package wrapped in brown tape was removed from the box and weighed. Its total weight was approximately 1.4 kilograms. The package has been sent to a DEA drug lab for testing.

12. Approximately two weeks after the hand-to-hand transaction between UM2 and TFO Keim, agents installed a pole camera at the Cattail Court location mentioned above. In reviewing footage from that camera, agents saw a blue Mazda RX-7 bearing Georgia license plate RNC1350 stay parked at the location for an extended period. Agents pulled registration for that vehicle and identified the owner as Candido ARNAU and the registered address as 12773 Cattail Court in Hampton, Georgia. Agents pulled Candido ARNAU's driver's license photograph, and TFO Keim identified him as UM2.

13.     On August 14, 2019, agents approached ARNAU in the hope that he might be able to provide useful information pertaining to the ongoing investigation and, specifically, that he might agree to perform additional drug transactions as a confidential source. Once agents determined that ARNAU lacked sufficient knowledge to assist with the investigation, he was taken into custody.

E.  **Conclusion**

14.     Based upon the above, I believe that there is probable cause to believe that the defendants Candido ARNAU, did knowingly and intentionally possess with intent to distribute a controlled substance, said act involving at least 500 grams of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A).

**FURTHER YOUR AFFIANT SAYETH NOT**