IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CANDIDO ARNAU | CRIMINAL CASE:<br>1:19-CR-348-ELR-CMS |

MOTION TO SUPPRESS EVIDENCE GAINED FROM WARRANTLESS SEIZURE/TRAFFIC STOP OF CANDIDO ARNAU ON AUGUST 14, 2019, THE DATE OF HIS ARREST

COMES NOW CANDIDO ARNAU, by and through undersigned counsel and hereby moves the Court to suppress evidence gained from his warrantless seizure on August 14, 2019, the date of his arrest. Such evidence may include Mr. Arnau's post-arrest statement, the alleged consent searches of 8 cellular telephones and a pickup truck, and other resulting evidence as may be determined were the fruits of the warrantless seizure. In support of this motion, we show the Court the following:

1. Candido Arnau was arrested on August 14, 2019 by multiple law enforcement agents.

2. Prior to his arrest, Mr. Arnau was pulled over for a traffic stop by a law enforcement officer that was coordinating efforts with

federal agents. There was no warrant at the time of his seizure.

## ARGUMENT AND CITATION OF AUTHORITY

Temporary detention of individuals during the stop of an automobile by the police, even if only for a brief period and for a limited purpose, constitutes a "seizure" of "persons" within the meaning of the Fourth Amendment. See *Delaware v. Prouse*, 440 U.S. 648, 653 (1979); *United States v. Martinez Fuerte*, 428 U.S. 543, 556 (1976); *United States v. Brignoni Ponce*, 422 U.S. 873, 878 (1975). An automobile stop is thus subject to the constitutional imperative that it not be "unreasonable" under the circumstances. *Whren v. United States*, 517 U.S. 508, 509-510 (1996).

When there is no warrant for a seizure, the Court must determine if the seizure was reasonable under the circumstances, i.e., whether there was probable cause to stop the car for some valid traffic infraction. Since it is the Government's burden to meet, the defense requests that the Court set an evidentiary hearing at which time the defense can challenge the Government's ability to meet this heavy burden. If the Government fails to meet its burden, the defense will request that the Court enter an order suppressing all evidence which was discovered as a result of the unlawful seizure. See *Wong Sun v. United States*, 371 U.S. 471 (1963).

## CONCLUSION

WHEREFORE, we pray that the Court will suppress any and all evidence obtained from the warrantless seizure listed above on August 14, 2019. We further request that the Court schedule an evidentiary hearing to take evidence relevant to the issues necessary to determine this motion. We anticipate asking that the Court allow briefing after the taking of evidence. Finally, we ask for the opportunity to supplement this motion if necessary as additional facts are learned.

Respectfully submitted, this 9th day of December, 2019.

*V. Natasha Perdew Silas*
V. Natasha Perdew Silas
Georgia State Bar Number 571970
Attorney for Mr. Arnau

FEDERAL DEFENDER PROGRAM, INC.
1500 CENTENNIAL TOWER
101 MARIETTA STREET, NW
ATLANTA, GEORGIA 30303
404-688-7530
NATASHA_SILAS@FD.ORG

## CERTIFICATE OF SERVICE AND COMPLIANCE WITH LR 5.1B

I hereby certify that I electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorney of record:

>Tyler Mann, Esquire
>Assistant United States Attorney
>Suite 600, United States Courthouse
>75 Ted Turner Drive, S.W.
>Atlanta, Georgia 30303
>*Attorney for the Government*

Dated: This 9th day of December, 2019.

*V. Natasha Perdew Silas*
V. Natasha Perdew Silas