IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CANDIDO ARNAU | CRIMINAL CASE:<br>1:19-CR-348-ELR-CMS |

MOTION TO SUPPRESS IDENTIFICATION TESTIMONY
BASED UPON UNDULY SUGGESTIVE
OUT-OF-COURT SHOW-UP PROCEDURE

COMES NOW CANDIDO ARNAU, by and through undersigned counsel and hereby moves the Court to suppress the anticipated in-court identification of Candido Arnau at trial based upon the unduly suggestive out-of-court identification procedure used in this case. In support of this motion, we show the Court the following:

1. On June 7, 2019, shortly after 1:32pm, Task Force Office RK participated in an undercover buy with an unknown individual in the parking lot of a Waffle House near Jimmy Carter Boulevard.

2. The unknown individual was driving a blue Ford Flex and parked next to TFO RK.

3. That individual got into the car with TFO RK, handed him a box, and received $4,500. A phone call was received by TFO RK. TFO

RK handed the phone to the unknown individual after speaking to the person on the phone himself.

4. The unknown individual spoke on TFO RK's phone briefly.

5. The unknown individual got out of TFO RK's car and left after a short but unknown period of time.

6. The only known description provided by TFO RK was that the individual was a "Hispanic male."

7. One month and 11 days later, TFO RK was presented with a photograph of Candido Arnau by TFO JM.

8. TFO RK was asked whether Candido Arnau was the person that he had met on June 7, 2019.

9. It is unknown precisely what was told to TFO RK prior to the display of the photograph or during the display of the photograph.

10. TFO JM and TFO RK both agreed that Candido Arnau was the person that brought the box on June 7, 2019.

ARGUMENT AND CITATION OF AUTHORITY

It cannot be denied that eyewitness identification evidence has proven its potential to generate unfair and inaccurate convictions in contravention of constitutional Due Process standards. According to the Innocence Project (and they should know),

> *Mistaken eyewitness identifications contributed to approximately 71% of the more than 360 wrongful convictions in the United States overturned by post-conviction DNA evidence.*[1]

Twenty years ago now, the Department of Justice under the leadership of then Attorney General Janet Reno and the National Institute of Justice assembled a working group to create a set of procedures designed to provide law enforcement officers with guidance on procedures designed to minimize unduly suggestive and ultimately inaccurate eyewitness identifications. That working group generated a document entitled, "Eyewitness Evidence: A Guide for Law Enforcement"[2] (hereinafter the "Guide"). In the foreward of the Guide, then Attorney General Janet Reno cautions as follows:

> *Recent cases in which DNA evidence has been used to exonerate individuals convicted primarily on the basis of eyewitness testimony have shown us that eyewitness evidence is not infallible. Even the most*

---

[1] See Innocence Project website at https://www.innocenceproject.org/eyewitness-identification-reform/ .
[2] Eyewitness Evidence: A Guide for Law Enforcement can be found at file:///C:/Users/silasn/Documents/FDP%20CASES/Arnau,%20Candido/Motions/Eyewitness%20Law%20Enforcement%20Guide.pdf .

> *honest and objective people can make mistakes in recalling and interpreting a witnessed event; it is the nature of human memory.*

The Guide presents recommended procedures for the use of photographic lineups with eyewitnesses. The Guide explains the procedures needed to ensure accurate eyewitness identifications through several sections. Section V discusses procedures that should be used with eyewitnesses which are primarily the use of photographic (or even live) lineups that include photographs of multiple individuals who fit the description given by the witness in order to avoid undue suggestion. Nowhere in the Guide does it suggest the use of a photographic show-up by a person involved in the substantive investigation as a procedure designed to maximize the accuracy of an eyewitness identification. As the Innocence Project notes, "[d]espite solid and growing proof of the inaccuracy of traditional eyewitness ID procedures – and the availability of simple measures to reform them – traditional eyewitness identifications remain among the most commonly used and compelling evidence brought against criminal defendants."

Not only are unduly suggestive identification procedures ill-advised, but they are also constitutionally infirm. "Judged by the 'totality of the circumstances,' the conduct of identification procedures may be 'so unnecessarily suggestive and conducive to irreparable mistaken

identification' as to be a denial of due process of law." *Foster v. California*, 394 U.S. 440, 442 (1969).  In this case, the procedure used was the display of a single photograph by a person involved in the investigation, or a photographic show up.  The "practice of showing suspects singly to persons for the purpose of identification, and not as part of a lineup, has [long] been widely condemned." *Stovall v. Denno*, 388 U.S. 293, 302 (1967).  However, courts have repeatedly held that when a show up is used as part of an on-the-scene effort to make sure that the police have arrested the right guy before the trail grows cold, it can be acceptable.  See discussion in *Corchado v. Rabideau*, 576 F.Supp.2d 433 (W.D.N.Y. 2008).  This was not how the photographic show-up in this case was used.  The photographic show up in this case was presented over a month after the initial incident.

When a defendant claims that an identification procedure is suggestive, the court analyzes the claim in two steps.  First, the court must determine whether the original identification procedure was unduly suggestive. See *Dobbs v. Kemp*, 790 F.2d 1499, 1506 (11th Cir.1986). If so, then the second part of the analysis is to consider whether, under the totality of the circumstances, the identification was nonetheless reliable. See *Neil v. Biggers*, 409 U.S. 188 (1972); *Dobbs*, 790 F.2d at 1506. This second stage involves consideration of five factors identified by the Supreme Court in *Neil*

*v. Biggers* often referred to as the *Biggers* factors: (1) opportunity to view, (2) degree of attention, (3) accuracy of the description, (4) level of certainty, and (5) length of time between the crime and the identification. 409 U.S. at 199.

Mr. Arnau does challenge the identification procedure used in this case as unduly suggestive. Although the witness in this case was a law enforcement officer, undersigned counsel is aware of no research that indicates that law enforcement officers are immune to undue suggestion.

CONCLUSION

WHEREFORE, we pray that the Court will suppress both the out of court and the anticipated in court identification procedure used by and with TFO RK and TFO JM.  Both are tainted by the choices made by the suggestive procedure.  "[R]eliability is the linchpin in determining the admissibility of identification testimony…." *Manson v. Brathwaite*, 432 U.S. 98, 98 (1977) (internal quotations omitted).  Both identifications are tainted by the suggestive procedure and both would be unreliable.  We further pray that the Court will order discovery of any and all evidence that relates to the identification and then will schedule an evidentiary hearing.

Respectfully submitted, this 10th day of December, 2019.

*V. Natasha Perdew Silas*
V. Natasha Perdew Silas
Georgia State Bar Number 571970
Attorney for Mr. Arnau

FEDERAL DEFENDER PROGRAM, INC.
1500 CENTENNIAL TOWER
101 MARIETTA STREET, NW
ATLANTA, GEORGIA 30303
404-688-7530
NATASHA_SILAS@FD.ORG

CERTIFICATE OF SERVICE AND COMPLIANCE WITH LR 5.1B

I hereby certify that I electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorney of record:

> Tyler Mann, Esquire
> Assistant United States Attorney
> Suite 600, United States Courthouse
> 75 Ted Turner Drive, S.W.
> Atlanta, Georgia 30303
> *Attorney for the Government*

Dated: This 10th day of December, 2019.

*V. Natasha Perdew Silas*
V. Natasha Perdew Silas